UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDRIJANA MACKOVSKA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RECONTRUST COMPANY, N.A., et al.,<br><br>　　　　　Defendants. | 2:12-CV-421 JCM (CWH) |

**ORDER**

Presently before the court is defendant Hastings Brokerage, Ltd.'s motion to dismiss for failure to state a claim and request for attorneys' fees and costs. (Doc. #8). Plaintiff Andrijana Mackovksa has filed an opposition (docs. #13 and #14) to which Hastings has replied (doc. #15).

The court notes at the outset its displeasure with plaintiff's counsel's approach to litigating this matter. Ms. Mackovska's response to the instant motion was due on May 11, 2012. No response was filed. Three days later, on May 14, 2012, Hastings filed a proposed order with the court (doc. #12) seeking to have the motion to dismiss granted pursuant to Local Rule 7-2(d), which instructs that the failure to file points and authorities in opposition to a motion serves as consent to granting the motion.

Immediately after receiving notice of the proposed order filing, and three days after the opposition was due, Ms. Mackovska's attorney filed a hastily prepared opposition. The opposition contains only three pages of substantive text, and only 12 lines of actual argument. The opposition

**James C. Mahan**
**U.S. District Judge**

is silent regarding the untimely failure and provides no justification or excuse for why counsel chose to leave the motion to dismiss uncontested in light of Local Rule 7-2(d).  Moreover, and again exhibiting a complete ignorance of the local rules, plaintiff's counsel requested leave to file an amended complaint without attaching the proposed, amended complaint.  Local Rule 15-1 instructs that "the original proposed amended pleading shall be signed and attached to any motion to amend a pleading."  The only case law cited in support of plaintiff's request seeking leave to amend consists of California state cases.

Two days after filing the tardy, and materially deficient opposition, plaintiff's counsel saw fit to file a "supplement to plaintiff's opposition to motion to dismiss." (Doc. #14).  Counsel did not seek leave of court to file the supplement, nor did he explain the need to include additional argument in a supplement.  There is no explanation why the arguments made in the supplement could not have been made in the original motion.  The court hereby reminds plaintiff's counsel of his duties and obligations to the court, and more importantly, to his clients.  Despite counsel's supplement being tardy and unjustified, the court will still consider it.

**I.     Background**

The lawsuit before this court arises out of plaintiff's wrongful foreclosure claim, following loan modification and short sale negotiations. Plaintiff entered into a loan agreement with SOMA Financing (SOMA) on or about May 2, 2006 in the amount of $261,000 for the purposes of purchasing a home. Compl. ¶ 9. SOMA later sold the note to Bank Home Loan Servicing ("BAC," formerly Countrywide), which sold it to Federal National Mortgage Association (FNMA). *Id.* FNMA eventually retained ReconTrust as the servicer. After the trustee sale, ReconTrust retained Hastings as the broker to sell the property. *Id.* On June 2, 2009, plaintiff entered into a loan modification agreement after defaulting on her mortgage payments. Compl. ¶ 12. The modification was approved on July 11, 2009 and, subsequently, plaintiff made timely payments for 10 months. *Id.*

On September 3, 2010, however, plaintiff received a notice of default and eventually listed the property for short sale on May 10, 2011. Compl. ¶ 13. Plaintiff alleges she entered into an agreement with Bank Home Loan Servicing ("BAC") that would allow her to proceed with the short

James C. Mahan
U.S. District Judge

- 2 -

sale. *Id.* at ¶ 16. Despite this agreement, plaintiff contends that BAC foreclosed on the property on June 20, 2011. *Id.* Upon realizing this error, BAC rescinded the sale and plaintiff proceeded with the short sale, finalizing a sale with a buyer and close of escrow for September 16, 2011. *Id.* at ¶¶ 17-20. Plaintiff maintains that BAC agreed to this short sale agreement and close of escrow date. *Id.* at ¶ 19. Nevertheless, BAC sold the property at a trustee's sale on August 31, 2011–16 days before escrow closed on plaintiff's short sale agreement. *Id.* at ¶ 21.

This court does not contemplate the legality of the trustee's sale at this time, but rather Hasting's Brokerage, Ltd's culpability in the present action, as defendant. Plaintiff admits that Hastings became involved only after the foreclosure took place. (Doc. #14, at 5). However, plaintiff contends that – without court order or an unlawful detainer – Hastings commenced pre-eviction lockouts, entered property without authorization or consent**,** and entered units where tenants still resided. (Doc. #14, at 2). Nonetheless, Hastings maintains that it was not involved in the foreclosure sale or any of the actions depicted in the complaint itself. (Doc. #8, at 1). For this reason, Hastings requests that this court dismiss the case against it.

**II.    Discussion**

    1.    <u>Motion to Dismiss</u>

        *A.    Legal Standard*

A plaintiff must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not

akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

  B. *Analysis*

The complaint alleges five causes of action against Hastings: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) injunctive relief; (4) wrongful foreclosure; and (5) misrepresentation/fraud. As the complaint fails to allege a contractual relationship between Ms. Mackovska and Hastings, the court summarily dismisses the first two causes of action as to Hastings. *See Tene v. BAC Home Loan Servicing LP*, 2012 U.S. Dist. LEXIS 8285, *4 and n.1 (D. Nev. Jan. 24, 2012) (dismissing breach of contract claim and breach of the covenant of good faith and fair dealing claim for failure to allege existence of a valid contract). Similarly, the third cause of action is actually a request for relief, and is therefore dismissed. *See Josephson v. EMC Mortg. Corp.*, 2010 WL 4810715, *3 (D. Nev. Nov. 19, 2010).

Ms. Mackovska's claim for wrongful foreclosure also fails. "An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal*, 662 P.2d 610, 623 (Nev. 1983). Ms. Mackovska has failed to allege that she was not in breach. *See* Compl. ¶¶ 36-45. In fact, the complaint illustrates that Ms. Mackovska had breached her loan agreement. *Id.* at ¶ 11. Accordingly, Ms. Mackovska has failed to state a claim for wrongful foreclosure.

"To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance." *Larson v. Homecomings Fin.*, LLC, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff has failed to identify any misrepresentations made (or material omissions) by Hastings. Without identifying the basis for the

fraud allegation, this court cannot find that plaintiff has met the particularity requirements of Fed. R. Civ. P. 9(b), or properly alleged a fraud action against Hastings.

2.  Request for Attorneys' Fees

Hasting's motion to dismiss requests the court grant attorneys' fees if it finds that plaintiff's complaint was filed in bad faith. Under Nevada law, a defendant that prevails in a dispositive motion may be awarded its attorneys' fees if there is "evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." NRS § 18.010. Although a court has discretion to award attorneys' fees as a sanction pursuant to NRS § 18.010, there must be evidence supporting the court's finding that the claim was unreasonable or brought to harass. *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009); *see also Bower v. Harrah's Laughlin, Inc.* 215 P.3d 709, 726 (Nev. 2009).

Here, Hastings argues that bringing suit against it was unreasonable because Hastings was not involved in the underlying foreclosure upon which the entire suit is premised, until after the alleged wrongdoings had already occurred. Hastings was not hired until after the foreclosure and served as only a post-sale listing agent.. As such, Hastings argues that this action "was clearly maintained 'without reasonable ground' and is a reckless act taken by plaintiff." Def.'s Mot. Dismiss 9:112-13. This court will not base an award of sanctions on such presumptions. There is insufficient evidence of unreasonableness or intent to harass in the record presently before the court. Therefore, the court declines to award attorneys' fees.

Hastings also requests costs, presumably pursuant to NRS § 18.020(3). Under that statute, "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases . . . In an action for recovery of money or damages, where the plaintiff seeks to recover more than $2,500." NRS § 18.020(3). An award of costs is mandated as a matter of right. *See Bergmann v. Boyce*, 856 P.2d 560, 566 (Nev. 1993).

Pursuant to Local Rule 54-1(a), "[u]nless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs," and "shall serve and file bill of costs and disbursements on the form provided by the clerk no later then ten (10) days after the date of entry of the judgment on

**James C. Mahan**
**U.S. District Judge**

- 5 -

decree." Further, rule 54-1(b) provides that the bill of costs "shall be verified and distinctly set forth each item so that its nature can be readily understood," and "state that the items are correct and that the services and disbursements have been actually and necessarily provided and made." In addition, the local rules require that the party attach an itemization and documentation of requested costs in all categories.

Hastings has failed to submit any of the necessary documentation required under the local rules. Accordingly, Hastings' request for costs is denied.

### 3. Leave to Amend

As explained previously, Ms. Mackovska's opposition requests leave to file an amended complaint. "The original proposed amended pleading shall be signed and attached to any motion to amend a pleading." LR 15-1(a). Due to non-compliance with the local rule, the request is denied.

## III. Conclusion

For the reasons set forth above, the court finds dismissal of Hastings appropriate. It will not, however, grant Hastings' fees or costs. Moreover, the court denies Ms. Mackovska's request seeking leave to amend.

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Hastings Brokerage Ltd.'s motion to dismiss (doc. #8) be, and the same hereby is, GRANTED consistent with the foregoing.

DATED June 11, 2012.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -