UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDRIJANA MACKOVSKA,

        Plaintiff,

v.

RECONTRUST COMPANY, N.A., et al.,

        Defendants.

2:12-CV-421 JCM (CWH)

**ORDER**

Presently before the court is defendants', Bank Home Loan Servicing, LP, Federal National Mortgage Association, and Recontrust Company, N.A., motion to dismiss. (Doc. # 19). Plaintiff filed a response in opposition (doc. # 23), and defendants filed a reply (doc. # 24).

**I.     Background**

Plaintiff purchased the real property located at 1300 Montclair Street in Las Vegas, Nevada, on or around April 19, 2006. Plaintiff entered into a loan agreement with Soma Financing in the amount of $261,000 for the purpose of purchasing the home. (Doc. # 1, Ex. A, Compl. at ¶ 9). The loan was secured by a first position deed of trust encumbering the property.[1]

---

[1] The court judicially recognizes all of the following properly recorded documents attached to defendants' motion to dismiss: the first position deed of trust; notices of default and election to sell; assignments of the deed of trust; substitution of trustees; rescissions; certificate of compliance with the foreclosure mediation program; and, notice of trustee's sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

On June 2, 2009, plaintiff entered into a loan modification agreement after defaulting on her mortgage payments. (*Id.* at ¶ 12). The modification was approved on July 11, 2009, and, subsequently, plaintiff made timely payments for ten months. (*Id.*).

On September 3, 2010, however, plaintiff received a notice of default and eventually listed the property for short sale on May 10, 2011. (*Id.* at ¶ 13). Plaintiff alleges she entered into an agreement with BAC Home Loans Servicing that would allow her to proceed with the short sale. (*Id.* at ¶ 16).

On September 3, 2010, Mortgage Electronic Registration Systems ("MERS") as beneficiary and nominee under the terms of the deed of trust assigned the beneficial interest in the deed of trust to BAC Home Loans Servicing. On June 14, 2011, BAC Home Loans Servicing assigned the beneficial interest in the deed of trust to Federal National Mortgage Association ("Fannie Mae").

Also on September 3, 2010, BAC Home Loans Servicing substituted Recontrust as trustee under the deed of trust. Recontrust executed and recorded a notice of default and election to sell under the deed of trust on the subject property on that same date.

Plaintiff elected not to participate in Nevada's foreclosure mediation program, and a certificate to proceed with foreclosure was issued on February 19, 2011, and later recorded on March 22, 2011. Recontrust recorded a notice of trustee's sale on March 22, 2011.

A foreclosure sale was held on June 9, 2011. The property reverted back to Fannie Mae, the beneficiary under the deed of trust. The trustee's deed was rescinded on July 18, 2011, because the foreclosure sale was conducted "in error due to a failure to communicate timely notice of conditions which would have warranted a cancellation of the foreclosure sale which did occur on 06/09/2011."

Following the rescission of the trustee's sale, plaintiff stopped making payments on the property and instead proceeded with an attempted short sale. Due to plaintiff's default, a second trustee's sale was noticed for August 23, 2011. Plaintiff did not cure her default and the property reverted back to Fannie Mae at the trustee's sale on August 23, 2011.

Plaintiff proceeded with her short sale, which she alleges BAC Home Loans Servicing agreed to, and finalized a sale with a buyer and close of escrow for September 16, 2011. (Compl. at ¶¶ 17-

James C. Mahan
U.S. District Judge

- 2 -

1  20).  BAC Home Loans Servicing's trustee's sale occurred more than two weeks before escrow
2  closed on plaintiff's short sale agreement.
3       Based on these facts, plaintiff filed this action in state court.  Defendants removed to this
4  court.  This court has already dismissed two defendants from the case.  Plaintiff alleges the following
5  five causes of action with differentiating between any of the defendants: (1) breach of contract; (2)
6  breach of covenant of good faith and fair dealing; (3) injunctive relief; (4) wrongful foreclosure; and,
7  (5) fraud and misrepresentation.

## II.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

*Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

The court will address each of the five causes of action in turn. The court ultimately finds that plaintiff's complaint fails to state a claim against any of the defendants and dismisses the complaint.

#### A. Breach of Contract

In Nevada, "to succeed on a breach of contract claim, a plaintiff must show four elements: (1) formation of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre v. Nevada System of Higher Educ.*, 837 F.Supp.2d 1176, 1180 (D. Nev. 2011) (citing *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.")). "Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (Nev. 2005).

Additionally, the Nevada Statute of Frauds, codified at NRS 111.210(1), provides that all contracts for the sale of land are void unless they are in a writing that is subscribed by the party against whom the contract is to be enforced.

- 4 -

James C. Mahan
U.S. District Judge

1    The complaint alleges no specific facts about the written contract. (*See* compl. at ¶¶ 22-25).
2    Plaintiff alleges only that a contract existed that permitted plaintiff to short sell the property, but
3    plaintiff does not even allege that a written contract existed. A purported short sale agreement must
4    satisfy the statute of frauds. Plaintiff's complaint fails to state a claim for breach of contract because
5    it states no specific facts and does not satisfy the statute of frauds. *See generally Altman v. PNC*
6    *Mortgage*, 850 F.Supp.2d 1057, 1079 ("To the extent plaintiffs rely on a written contract, plaintiffs
7    must attach the written contract or plead its terms verbatim.").

8    Plaintiff attempts to correct the deficiency in the complaint by attaching in her opposition to
9    the motion to dismiss a computer screen shot purportedly taken from the Equator system, a third
10   party software company that assists major lenders and servicers in processing short sales. The screen
11   shot is not signed by any of the defendants nor does it include any essential terms, all in addition to
12   authenticity deficiencies.

13   Plaintiff's cause of action for breach of contract fails to state a claim against any of the
14   defendants and is dismissed.

15      *B.    Breach of Covenant of Good Faith and Fair Dealing*

16   In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing
17   in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe County*, 105 Nev. 913, 914,
18   784 P.2d 9, 9 (Nev. 1989). "When one party performs a contract in a manner that is unfaithful to
19   the purpose of the contract . . . damages may be awarded against the party who does not act in good
20   faith." *Hilton Hotels v. Butch Lewis Prods.*, 107 Nev. 226, 234, 808 P.2d 919, 923 (Nev. 1991). A
21   breach of the duty of good faith and fair dealing can occur "[w]here the terms of a contract are
22   literally complied with but one party to the contract deliberately contravenes the intention and spirit
23   of the contract." *Id.* at 922-23.

24   Plaintiff's complaint alleges no specific facts concerning the defendants' alleged breach of
25   the covenant of good faith and fair dealing. (*See* compl. at ¶¶ 26-29). Plaintiff does not specify if
26   defendants breached the covenant of good faith and fair dealing with respect to the original loan or
27   with the purported short sale contract.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  If plaintiff alleges that defendants breached the covenant of good faith and fair dealing with
2  respect to the short sale contract, that cause of action fails because plaintiff has not established there
3  was such a contract. Defendants cannot breach the covenant of good faith and fair dealing to a
4  contract that never existed. If plaintiff alleges that defendants breached the covenant of good faith
5  and fair dealing with respect to the original loan, that cause of action fails because it is well
6  established that a lender or servicer owes no fiduciary duty to mortgage borrowers absent exceptional
7  circumstances. *See, e.g., Larson v. Homecomings Financial, LLC*, 680 F.Supp.2d 1230, 1234 (D.
8  Nev. 2009) ("Courts have repeatedly held that a lender owes no fiduciary duties to a borrower absent
9  exceptional circumstances such as when a special relationship exists between the two parties.").
10 Plaintiff has not alleged facts that could give rise to a special relationship or exceptional
11 circumstances, or even that a special relationship or exceptional circumstances existed in this case.
12 Plaintiff's cause of action for breach of covenant of good faith and fair dealing fails to state
13 a claim against any of the defendants and is dismissed.

14     C.    *Injunctive Relief*

15 Under Nevada law, injunctive relief is not a cause of action, but rather a type of remedy. *See*
16 *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev.
17 2007). In any event, plaintiffs cannot establish the necessary factors from *Winter v. Natural*
18 *Resources Defense Council, Inc.*, 555 U.S. 7 (2008). First, there is no imminent or irreparable injury
19 because the sale has already occurred. Additionally, plaintiffs do not have a likelihood of success
20 on the merits on any of their claims.

21 Plaintiff's cause of action for injunctive relief fails to state a claim against any of the
22 defendants and is dismissed.

23     D.    *Wrongful Foreclosure*

24 "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
25 establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of
26 condition or failure or performance existed on the mortgagor's or trustor's part which would have
27 authorized the foreclose or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*,
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  99 Nev. 284, 304, 662 P.2d 610, 623 (Nev. 1983). "Therefore, the material issue of fact in a
2  wrongful foreclosure claim is whether the trustor was in default when the power of sale was
3  exercised." *Id.*

4  Plaintiff was in default and has not alleged, nor has she shown, otherwise. Plaintiff alleges
5  that she entered into a loan modification on July 2, 2009. (Compl. at ¶ 12). She then claims she
6  made timely payments for ten months. (*Id.*). Plaintiff admits that she stopped making timely
7  payments by June 2010. The foreclosure occurred after plaintiff defaulted, in August 2011.

8  Plaintiff's cause of action for wrongful foreclosure fails to state a claim against any of the
9  defendants and is dismissed.

   *E.   Fraud or Misrepresentation*

11  "In alleging fraud or mistake, a party must state with particularity the circumstances
12  constituting fraud or mistake." Fed.R.Civ.P. 9(b). "[A] plaintiff asserting fraud against a corporate
13  [entity] must state the names of the persons who made the allegedly fraudulent representations, their
14  authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."
15  *Roberts v. McCarthy*, no. 2:11-cv-00080, 2010 WL 1363811, at *3 (D. Nev. April 11, 2011) (quoting
16  *Spencer v. DHI Mortg., Inc.*, 642 F.Supp.2d 1153, 1164 (E.D. Cal. 2009)).

17  Fraud claims must meet the heightened pleading standard and allege the who, what, when
18  where, and how. This complaint alleges no specific facts and cannot meet the heightened pleading
19  standard required for fraudulent inducement. The complaint does not state a single, specific
20  fraudulent act. (*See* compl. at ¶¶ 46-51). The complaint alleges only that fraud occurred. Such
21  vague aversions to fraud cannot meet the heightened pleading standard for a fraud cause of action.

22  Plaintiff's cause of action for fraud or misrepresentation fails to state a claim against any of
23  the defendants and is dismissed.

   *F.   Lis Pendens*

25  Plaintiffs have failed to state a cause of action. Therefore, the lis pendens recorded by
26  plaintiffs must be expunged pursuant to N.R.S. § 14.015(2) and (3).

James C. Mahan
U.S. District Judge

- 7 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 19) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that the lis pendens recorded by plaintiff must be expunged.

IT IS FURTHER ORDERED that plaintiff's complaint be dismissed. The clerk of the court shall enter judgment and close the case.

DATED May 16, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -